WATFORD, Circuit Judge,
concurring in the judgment:
I don’t think the bankruptcy court abused its discretion by deciding to sanction the two lawyers. But I do have concerns about the severity of the sanction imposed against Ms. Valdez.
The picture that emerges from my review of the record is that of a lawyer doing her best to protect an obstinate client from the all-but-certain wrath of the bankruptcy court. Valdez advised Diaz-Barba to comply with the bankruptcy court’s judgment, and she told him in no uncertain terms that he risked being held in contempt if he refused to do so. Diaz-Barba rejected that advice. When it became clear that Diaz-Barba felt so strongly about the supposed illegality of the judgment under Mexican law that he was willing to be held in contempt, Valdez helped him pursue the amparo action. She had been advised by Diaz-Barba’s lawyers in Mexico that the *519 amparo action would allow the Mexican courts to determine whether the bankruptcy court’s judgment in fact violated Mexican law. Valdez recognized that a ruling by a Mexican court validating Diaz-Barba’s reasons for refusing to comply with the judgment represented his best (and probably his only) hope of fending off contempt sanctions.
Valdez can perhaps be faulted for some of the tactics she used in pursuing the amparo strategy; certainly the bankruptcy court didn’t abuse its discretion in so concluding. But I don’t think Valdez committed misconduct simply by deciding to pursue the strategy in the first place, which is the view that seemed to drive the severity of the sanction the bankruptcy court decided to impose. In my view, any sanction imposed against Valdez should be far less severe than the $700,000 sanction that has now been vacated.